UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re

LORA J. MARTIN,

                    Debtor.
_____

LORA J. MARTIN,

                    Plaintiff,

v.

CITY OF MILWAUKEE,

                    Defendant.

Case No. 14-31091

Chapter 13

Adversary No. 14-2508

MEMORANDUM DECISION ON DEFENDANT'S MOTION TO DISMISS

        The defendant, the City of Milwaukee, has moved to dismiss plaintiff Lora Martin's

adversary proceeding due to the debtor's lack of standing to pursue the action, as well as the

failure to state a claim upon which relief can be granted.  In the complaint, the debtor seeks to set

aside the transfer of real estate pursuant to a tax foreclosure judgment, as a fraudulent

conveyance under 11 U.S.C. §§ 522(h) and 548(a)(1)(B)(i), (ii)(I).  The trustee has not attempted

to avoid the transfer, nor has she entered an appearance in this proceeding.  The debtor opposed

the motion to dismiss and both parties provided arguments in support of their positions in writing

and at the court's preliminary pretrial held on November 20, 2014.  This Court has jurisdiction

under 28 U.S.C. § 1334 and this is a core proceeding under 28 U.S.C. § 157(b)(2)(H).  This

decision constitutes the Court's findings of fact and conclusions of law under Fed. R. Bankr. P.

7052.

# BACKGROUND

The relevant facts are undisputed. The property at issue in this adversary proceeding is located in Milwaukee, Wisconsin, and was previously owned of record by the debtor's mother, Minnie L. Martin, and her father, Ulyses Martin. On December 8, 2003, the debtor signed an affidavit of termination of decedent's interest in the property, declaring therein that the interest of Ulyses Martin, joint tenant with Minnie L. Martin in the property, was terminated due to his death. That affidavit conferred upon the debtor no interest in the property. Because of a failure to pay outstanding real estate taxes on the property, several years later, on June 14, 2013, the City commenced an *in rem* tax foreclosure action before the Milwaukee County Circuit Court, Case No. 13-CV-5557. The circuit court issued a judgment of tax foreclosure on October 14, 2013, vesting fee simple absolute title to the property in the City. On the date of the tax foreclosure judgment, the property was owned of record by Minnie L. Martin, the debtor's mother. Minnie Martin, however, had died six years prior to the judgment, on August 14, 2007.

On August 5, 2014 – after the City foreclosed on the property for unpaid real estate taxes – the debtor executed a Transfer by Affidavit under Wis. Stat. § 867.03(1g), listing the property as the sole transfer and the debtor as Minnie L. Martin's daughter and heir. On September 2, 2014, the debtor filed a bankruptcy case under chapter 13, claiming the property exempt as her homestead pursuant to Wis. Stat. § 815.20. The debtor subsequently initiated this adversary proceeding, seeking to avoid the tax foreclosure judgment under 11 U.S.C. §§ 522(h) and 548. As of the date of the petition, the Transfer by Affidavit had not been recorded with the Register of Deeds as required by Wis. Stat. § 867.03(2m). A chapter 13 plan has not yet been confirmed.

2

The City argues the complaint should be dismissed because under sections 522(h) and 548(a)(1) of the Bankruptcy Code, the debtor may only avoid a transfer of "property of the debtor" or "an interest of the debtor in property," respectively. Because the debtor's Transfer by Affidavit was not recorded with the Register of Deeds, as required by Wis. Stat. § 867.03(2m), the debtor had no ownership interest in the property at the time of the tax foreclosure judgment. Rather, until the Transfer by Affidavit is recorded, the decedent's estate is the proper party to any state court proceedings related to the property. Consequently, the debtor has no standing to pursue her avoidance action and the complaint fails to state a claim upon which relief can be granted.

The debtor notes that upon the death of a property owner, the property vests immediately in the heirs and the heirs take legal title with the right to possession and control. 23 Am. Jur. 2d *Descent and Distribution* § 18 (2002); *see also In re Le Feber's Will*, 223 Wis. 393, 396, 271 N.W. 95, 96 (1937). Thus, the debtor, as sole heir of Minnie L. Martin's estate, derived her interest in the property on the date of her mother's death, August 14, 2007. She resided in the property until her removal pursuant to the tax foreclosure and intends to return.

DISCUSSION

The City has moved to dismiss the complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court evaluating a motion to dismiss under Rule 12(b) must accept all the factual allegations in the complaint as true, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 571, 127 S.Ct. 1955 (2007), but legal conclusions have no weight, *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). Therefore, when considering a

3

12(b)(6) motion, the court should first identify pleadings that are legal conclusions and "not entitled to the assumption of truth" and then turn to the factual allegations to see if the claim for relief is plausible. *Id*. at 680. Statutory standing under the Code requires that the plaintiff come within the class of persons intended to benefit from the bankruptcy provision at issue. *In re Martyak*, 432 B.R. 25, 31-32 (Bankr. N.D.N.Y. 2010). For the purpose of this motion to dismiss, I will assume the debtor is the surviving child of Minnie L. Martin, a widow, and she resided and intends to reside in the property at issue. No one alleges Minnie L. Martin had a will excluding the debtor.

The City has argued that the pleadings related to the debtor's ownership of the subject property are legal conclusions and thus not entitled to the assumption of truth. If that is so, the City's contention that the debtor did not own the property at the time of the tax foreclosure is also a legal conclusion not entitled to the assumption of truth, since the City is interpreting statutory provisions and probate law to make its argument.

Section 548 of the Bankrupt Code authorizes the avoidance of a fraudulently conveyed transfer "of an interest of the debtor in property" and expressly authorizes a trustee to bring suit thereunder. *See* 11 U.S.C. § 548(a)(1).[1] Under section 522(h), a debtor may avoid a transfer

---

[1]Although not at issue here, the relevant provisions of section 548 provide:
> (a)(1) The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily –
> . . .
> > (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
> > (ii)(I) was insolvent on the date that such transfer was made or such

4

avoidable by the trustee under section 548 if the trustee does not attempt to avoid those transfers. 11 U.S.C. § 522(h). Section 522(h) may be invoked if the transfer "of property of the debtor" was involuntary, the trustee has not attempted to avoid the transfer, the property involved was not concealed by the debtor, and an exemption would be available for the property upon avoidance. 11 U.S.C. §§ 522(h), (g)(1). While section 548 of the Bankrupt Code authorizes the avoidance of a fraudulently conveyed transfer "of an interest of the debtor in property," and section 522(h) may be invoked as to " property of the debtor," for the purpose of determining the debtor's standing, the two terms mean the same thing.

Here, there is no allegation the transfer of the property by tax foreclosure was other than involuntary, the debtor has made no attempt the conceal the property, the trustee has not sought to avoid the transfer, and if the claim is successful, either the property recovered or its value may be exempt. The schedules show the value as less than $75,000. *See* Wis. Stat. § 815.20 (maximum value of Wisconsin homestead is $75,000). The only issue is whether the transfer involved "an interest of the debtor in property" under section 548(a)(1) and "property of the debtor" under section 522(h). The City claims the debtor did not own it because she was not the record owner.

As noted above, after the City obtained a foreclosure action, and after the bankruptcy case was filed, the debtor executed a Transfer by Affidavit, listing the property as the sole transfer and the debtor as Minnie L. Martin's daughter and heir. Applicable Wisconsin law provides the following:

---

obligation was incurred, or became insolvent as a result of such transfer or obligation . . . .

11 U.S.C. § 548(a)(1)(B)(i), (ii)(I).

Case 14-02508-gmh    Doc 9    Filed 12/11/14    Page 5 of 8

(1g) Generally. When a decedent leaves property subject to administration in this state which does not exceed $50,000 in value, any heir of the decedent, trustee of a revocable trust created by the decedent, or person who was guardian of the decedent at the time of the decedent's death may collect any money due the decedent, receive the property of the decedent, and have any evidence of interest, obligation to, or right of the decedent transferred to the affiant if the heir, trustee, or guardian provides to the person owing the money, having custody of the property, or acting as registrar or transfer agent of the evidences of interest, obligation to, or right, or, if the property is an interest in or lien on real property, provides to the register of deeds preliminary to the recording required under sub. (2m), proof of prior mailed notice under sub. (1m) if applicable and an affidavit in duplicate showing all of the following:

> (a) A description of and the value of the property to be transferred.
> (b) The total value of the decedent's property subject to administration in this state at the date of decedent's death.
> (c) Whether the decedent or the decedent's spouse ever received services provided as a benefit under a long-term care program, as defined in s. 49.496(1)(bk), medical assistance under subch. IV of ch. 49, long-term community support services funded under s. 46.27(7) or aid under s. 49.68, 49.683 or 49.685.

Wis. Stat. § 867.03(1g). This affidavit was created six years after the owner of record, Minnie L. Martin, died. Furthermore, as of the petition date, the Transfer by Affidavit was not recorded with the Register of Deeds, as required under state law:

> (2m) Recording of affidavit. (a) If an affidavit under sub. (1g) describes an interest in or lien on real property a certified copy or duplicate original of the affidavit shall be recorded in the office of the register of deeds in each county in this state in which the real property is located.
> (b) For purposes of a transfer under this section of an interest in or lien on real property, the recording of the affidavit copy or duplicate original constitutes the transfer to the affiant under sub. (1g) of the evidence of the interest in or lien on real property.

Wis. Stat. § 867.03(2m).

While federal bankruptcy law determines what constitutes property of the estate, whether the debtor has an interest in property and the nature and extent of the debtor's interest is a question of state law. *In re ANR Advance Transp. Co.*, 247 B.R. 771, 774 (Bankr. E.D. Wis. 2000). The controversy here arose because the debtor did not seek to establish her right to the

real property comprising the decedent's estate – which arose in 2007 – until 2014, after the City foreclosed on the property. So the timing of when property rights accrue becomes crucial. In a Wisconsin case involving inheritance taxation, the state supreme court noted, "the property is transferred, not by the closing of the estate, but by the death of the owner, and it occurs at the time of the death of the owner." *In re Le Feber's Will*, 223 Wis. 393, 271 N.W. 95, 96 (1937); *see also In re Week's Estate*, 169 Wis. 316, 172 N.W. 732, 733 (1919); *In re Stephenson's Estate*, 171 Wis. 452, 177 N.W. 579, 581 (1920); *In re Marshall's Will*, 236 Wis. 132, 294 N.W. 527, 529 (1940). The recording of the affidavit, required under state law, "constitutes the transfer to the affiant under sub. (1g) of the *evidence of the interest in . . . real property.*" Wis. Stat. § 867.03(2m) (emphasis added). In other words, the debtor acquired her interest in the real estate upon her mother's death, and the filing of the affidavit would be evidence of the interest that already existed. It did not give rise to that interest, as the City argues. The debtor would still have obligations to creditors of the decedent, other heirs, if any, and is required to give notice to the Department of Health and Family Services under Wis. Stat. §§ 867.03 (1g), (1m) and (2g), but that is not germane to her standing in this action. *See also* Wis. Stat. § 49.849.

As one court noted, "an interest of the debtor in property" is "best understood as that property that would have been part of the estate had it not been transferred before the commencement of bankruptcy proceedings." *Begier v. Internal Revenue Service*, 496 U.S. 53, 58, 110 S. Ct. 2258 (1990) (referring to use of term in section 547(b)). The Court holds that the foreclosed real estate meets that criterion, thus giving the debtor standing.

Based on the above discussion, the debtor's objection to the City's motion to dismiss is sustained. A separate order consistent with the decision will be entered, and further proceedings

7

will be scheduled.

December 11, 2014

Margaret Dee McGarity
United States Bankruptcy Judge